Lawrence S. Gordon (CA Bar No. 302330)
(lgordon@cozen.com)
James A. Gale (FL Bar No. 371726)
(jgale@cozen.com)
Ashley G. Kessler (NY Bar No. 4834339)
(akessler@cozen.com)
Jonathan E. Gale (FL Bar No. 106938)
(jegale@cozen.com)

**COZEN O'CONNOR**
101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: 415.644.0914
Facsimile: 415.644.0978

*Attorneys for Plaintiff Over the Top, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OVER THE TOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OVER THE TOP SPECIALTY RENTALS, INC., <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Over The Top, Inc. ("Plaintiff" or "OTT"), by and through its undersigned counsel brings this Complaint against Defendant Over The Top Specialty Rentals, Inc. ("Defendant" or "OTT Rentals"), and alleges as follows and demands a trial by jury on all issues so triable:

1

## JURISDICTION AND VENUE

1. This action is for injunctive relief, damages and attorneys' fees for violation of the Lanham Act, 15 U.S.C. §§ 1114 & 1125.

2. This action arises out of Defendant's unlawful adoption and use of trademarks in connection with their advertising and sale of party and event services, which are confusingly similar (and, in fact, nearly identical) to Plaintiff's "Over The Top" trademarks.

3. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1116, 1121, and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

4. This Court has general personal jurisdiction over the Defendant because they are a California entity, Defendant conducts business in this District, has appointed a registered agent to receive service of process in this State, has availed themselves of the benefits and protections of the State of California, OTT's claims arise out of Defendant's contacts with the State of California, and Defendant's conduct has resulted in injury to OTT in California.

5. Venue is proper under 28 U.S.C. § 1391(b) and (c)(2).

## PARTIES

6. Plaintiff Over The Top, Inc., is a Florida Corporation with a principal address of 11880 W State Rd. 84, Ste. 5, Ft. Lauderdale, FL, 33325.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

7. Defendant, Over The Top Specialty Rentals, Inc., is a California company with a listed address of 5482 Arrow Hwy, Suite B., Montclair, CA 91763.

## STATEMENT OF FACTS

*Plaintiff OTT and the OVER THE TOP Trademark*

8. Plaintiff has provided rental services for linens, tablecloths, table overlays, chair cover and napkins for parties and events under the name OVER THE TOP since as early as December 17, 1993.

9. Plaintiff is the owner of two federally registered trademarks for "OVER THE TOP".

10. Plaintiff owns all rights, title and interest in and to the trademark OVER THE TOP (U.S. Reg. No. 4,643,496), in connection with "Rental services for party tablecloths, overlays, chair covers, and napkins" in International Class 043. This mark was registered on November 25, 2014, and relates to a first use date of December 17, 1993. See Exhibit 1.

11. Plaintiff also owns all rights, title and interest in and to the trademark (U.S. Reg. No. 5,001,615), in connection with "Rental services for party tablecloths, table overlays, chair covers, and napkins" in International Class 043. This mark was filed on August 4, 2015, registered on July 19, 2016, and relates to a first use date of January 1, 2011. See Exhibit 2.

12. Plaintiff is also the owner of Registration No. 2,578,050 ("the '050 Registration") for the mark OVER THE TOP, which was in existence from June 11, 2002 to January 18, 2013. See Exhibit 3.

13. OTT is also the exclusive owner of any and all common law rights and goodwill associated with these trademarks (collectively, the "Plaintiff's Marks" or the "OVER THE TOP Trademarks").

14. Plaintiff's Marks are distinctive and exclusive indicators of source for Plaintiff's party and event linen rental services.

15. Plaintiff has expended significant time, effort and money to promote Plaintiff's Marks and the services associated therewith.

16. As federally registered trademarks, Plaintiff's Marks are presumed distinctive, and Plaintiff is presumed to have the exclusive right to use those marks in the United States. Nevertheless, Plaintiff's Marks are either inherently distinctive, or have acquired distinctiveness among consumers, in connection with Plaintiff's party and event linen rental services.

17. OTT owns the rights to the domain name OverTheTopInc.com and the goodwill associated therewith, since as early as April 4, 2001. See Exhibit 4.

18. By virtue of continuous and extensive use, the Plaintiff's OVER THE TOP Trademarks have acquired substantial goodwill.

19. Plaintiff has promoted the OVER THE TOP Trademarks throughout the United States and the world since long before Defendant's unauthorized and

4

confusingly similar use of Plaintiff's OVER THE TOP Trademarks. Indeed, Plaintiff has expended a tremendous amount of time, effort and money to continuously and widely advertise and promote its party linen rental services under the OVER THE TOP Trademarks, including but not limited to, attendance at various trade shows, advertising in national trade journals, Plaintiff's website, third-party websites, and through social media outlets such as Facebook.

20. As a result, before Defendant's unauthorized and confusingly similar use of Plaintiff's OVER THE TOP Trademarks, Plaintiff's Marks had become widely recognized among the consuming public of the United States.

*Defendant OTT Rentals and Its Wrongful Conduct*

21. Upon information and belief, Defendant operates a party and event business that provides chairs, catering rentals, dance floors, tenting and linen rentals. See Exhibit 5.

22. On April 7, 2011, long after Plaintiff established rights and goodwill in the OVER THE TOP Trademarks, Defendant filed for registration with the California Secretary of State. Defendant subsequently adopted and registered the infringing domain name OverTheTopRentals.net, since as early as July 3, 2013.

23. In 2016, Plaintiff became aware of Defendant's use of "Over The Top" in connection with party and event rental services including for linens.

24. Defendant uses various iterations of "Over The Top" in connection with their services, including, but is not limited to: OVER THE TOP EVENT RENTALS,

5

OVER THE TOP RENTALS, and OVER THE TOP EVENT SPECIALTY RENTALS. (Collectively, the "Infringing Mark").

25. Investigation into Defendant's company revealed Defendant's use of the Infringing Mark in connection with virtually identical goods and services.

26. Further investigation revealed that Defendant's infringement of Plaintiff's Marks included the near duplication and replication of Plaintiff's protected logo mark. See Exhibit 5.

27. Defendant's nearly identical logo includes a circle in which the word "Over" is contained and in set out in capital letters, as it is with Plaintiff's logo mark. Furthermore, the word "the" is written in all lowercase letters and connects the words "Over" and "Top", as it does in Plaintiff's logo mark. See Exhibit 5.

28. Upon information and belief, Defendant's first use of its "Over The Top" logo did not occur until December 2014, almost four (4) years after Plaintiff's adoption and use of its logo mark. See Exhibit 6.

29. Defendant has no right or interest in Plaintiff's OVER THE TOP Trademarks and are not now, nor have they ever been, authorized to use Plaintiff's OVER THE TOP Trademarks or the Infringing Mark or otherwise hold themselves out as the source of the OVER THE TOP Trademarks.

30. On August 25, 2016, Plaintiff sent Defendant a letter ("Plaintiff's Letter") informing Defendant of its infringing uses of the OVER THE TOP

Trademarks and requested Defendant discontinue its use of the Infringing Mark. See <u>Exhibit 7</u>.

31. Plaintiff received a response letter ("Defendant's Response") from Defendant's counsel on September 20, 2016, acknowledging receipt of Plaintiff's Letter, and indicated a formal response would follow. See <u>Exhibit 8</u>.

32. Plaintiff has reached out to Defendant's counsel on at least three occasions but has never received any substantive response.

33. Upon information and belief, Defendant has not made any attempts to discontinue its infringing uses of Plaintiff's Marks.

34. Unless restrained, Defendant's unauthorized, unlawful use of the Infringing Mark and the infringing domain name will continue to cause the Plaintiff harm, including irreparable harm for which there is no adequate remedy at law; therefore, Defendant's conduct should be enjoined.

35. Plaintiff has performed all conditions necessary for the filing of this action that have not been waived or excused.

## COUNT I

*Federal Trademark Infringement under*
*15 U.S.C. § 1114*

36. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 35 as if set forth fully herein.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

37. Plaintiff's OVER THE TOP Trademarks are protectable, distinctive marks, which serve as an exclusive source indicator for Plaintiff's high quality party and event services.

38. Defendant's use of the Infringing Mark infringes upon OTT's superior rights in the federally registered OVER THE TOP Trademarks.

39. Defendant is not a licensee or otherwise authorized to use Plaintiff's Marks and has no right to hold themselves out as the source of Plaintiff's linen services through the use of their confusingly marks.

40. Defendant's unauthorized use of Plaintiff's Marks in commerce in connection with the promotion and sale of party and event services is likely to cause confusion among consumers.

41. Defendant has knowingly, and without the consent of OTT, used the Infringing Mark in commerce in connection with party and event services, including with respect to linen rentals, and such activities are likely to cause confusion or mistake, or to deceive consumers in the United States as to the source, sponsorship and/or association of Defendant's goods or services.

42. Defendant's infringing acts include, without limitation, the distribution of advertising bearing the Infringing Mark; the promotion of services bearing the Infringing Mark on one or more internet websites, Instagram, Facebook, Twitter, etc., the use the Infringing Website itself, and the direct, indirect, or cooperative offering of services bearing the Infringing Mark in the United States.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

43. Under the circumstances of this case, the Defendant's infringing activities constitute intentional, willful infringement in violation of OTT's rights under 15 U.S.C. §1114, and have caused, and will continue to cause OTT immediate and irreparable harm, if not enjoined.

44. Unless enjoined by this Court under 15 U.S.C. § 1116 and the equitable powers of this Court, Defendant will persist in their activities, thereby causing OTT additional irreparable harm.

45. Plaintiff is entitled to all the remedies available under the Lanham Act (e.g., 15 U.S.C. § 1117), including but not limited to: injunctive relief; compensatory damages to be proven at trial; an accounting of Defendant's profits from use of the confusingly similar Infringing Mark and disgorgement of same; reasonable attorney's fees; and exemplar, treble damages due to the exceptional nature of this case.

## COUNT II

*Unfair Competition, False Designation of Origin and
False Association under 15 U.S.C. § 1125*

46. Plaintiff repeats and realleges the allegations Paragraphs 1 through 35 as though fully set forth in this paragraph.

47. Plaintiff is the owner of the valid and protectable OVER THE TOP Trademarks, as evidenced by the federal trademark registrations attached hereto as Exhibits 1-3.

48. Plaintiff's use of the OVER THE TOP Trademarks has been and continues to affect interstate commerce.

49. Plaintiff's first use of the OVER THE TOP Trademarks was prior to Defendant's unauthorized use of the Infringing Mark.

50. Defendant's use of the OVER THE TOP Trademarks in commerce on the infringing domain name, on social networking sites, and in other media to advertise, to promote and sell their services is misleading to consumers, and is likely to cause confusion or mistake, or to deceive, as to: (1) the affiliation, connection, or association of Defendant with Plaintiff; (2) the origin, sponsorships, or approval of the services or products Plaintiff sells under Plaintiff's Marks; and/or (3) the origin, sponsorship or approval of services or products Defendant sells under the Infringing Mark.

51. By using the confusingly similar Infringing Mark in commerce in connection with party and event services, particularly with respect to linens, the Defendant is falsely conveying to consumers – and is likely to deceive consumers or potential consumers into believing – that Defendant is the source of Plaintiff's services, or that Defendant has granted Plaintiff the authority to represent itself as Over The Top, Inc., or that Plaintiff has granted the authority to represent Defendant as Over The Top Specialty Rentals, Inc., or that Defendant is otherwise associated with the Plaintiff.

52. Given the extent of Plaintiff's continuous use, Defendants' unauthorized use of the Infringing Marks was done knowingly, willfully, intentionally, in bad faith, and constitutes a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Defendant's actions constitute unfair competition, false association and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125, and have caused Plaintiff injury, including, without limitation, irreparable injury to the goodwill associated with Plaintiff's OVER THE TOP Trademarks, which will continue unless enjoined.

54. Plaintiff is entitled to all the remedies available under the Lanham Act (e.g., 15 U.S.C. § 1117), including but not limited to: injunctive relief; compensatory damages to be proven at trial; an accounting of Defendant's profits from use of the Infringing Mark and disgorgement of same; reasonable attorneys' fees; and exemplary, treble damages due to the exceptional nature of this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order and Judgment as follows:

A. That the Court issue preliminary and permanent injunctive relief against Defendant, and that Defendant, their agents representatives, servants, employees, attorneys, successors and assigns, and all other in active concert or participation with Defendant, be (individually and collectively) preliminary and permanently enjoined and restrained from making any further infringing use of

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

Plaintiff's Marks and Defendant's confusingly similar Infringing Mark, and any colorable imitation thereof on or in connection with party and event services;

B. That the Court issue preliminary and permanent injunctive relief against Defendant, and that Defendant, their agents representatives, servants, employees, attorneys, successors and assigns, and all other in active concert or participation with Defendant, be (individually and collectively) preliminary and permanently enjoined and restrained from registering, maintaining and/or making any infringing domain names and any other domain name that incorporates Plaintiff's OVER THE TOP Trademarks or a colorable imitation of thereof;

C. That the Court order, in accordance with 15 U.S.C. § 1125(d), any domain name registrar having control over registration of the infringing domain name to cancel and/or transfer such registration to Plaintiff;

D. That Defendant offers up for destruction all products and marketing materials bearing the Plaintiff's OVER THE TOP Trademarks, or any confusingly similar variation thereof, including but not limited to any products or materials containing the words OVER THE TOP, pursuant to 15 U.S.C. §1118;

E. That Defendant, in accordance with 15 U.S.C. §1116(a), be directed to file with this Court, and serve upon OTT within thirty (30) days after service of a permanent injunction, a verified report setting forth in detail the

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

manner and form in which Defendant has complied with the permanent injunction;

F. That OTT recover its actual damages sustained as a result of Defendant's wrongful actions;

G. That OTT recover statutory damages of $100,000 per infringing domain name pursuant to 15 U.S.C. § 1117(d);

H. That OTT recover Defendants' profits made as a result of Defendant's wrongful actions, as set forth herein;

I. That OTT recover up to three (3) times its actual damages and/or Defendant's profits in accordance with 15 U.S.C. §1117(a);

J. That this case be deemed an exceptional case under 15 U.S.C. §§1117 and that Defendant be deemed liable for and ordered to reimburse OTT for its reasonable attorneys' fees;

K. That OTT be awarded exemplary damages for Defendant's willful and intentional acts;

L. That the Court order Defendant to reimburse Plaintiff the costs of this action;

M. That the Court grant Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues and claims so triable.

Dated: December 19, 2016

COZEN O'CONNOR

By: /s/ *Lawrence S. Gordon*
Lawrence S. Gordon
James A. Gale
Ashley Kessler
Jonathan E. Gale
Attorneys for Plaintiff, Over the Top, Inc.